**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
FEDERAL CONTRACT GUARDS OF
AMERICA,

                                  Plaintiff,          **REPORT AND RECOMMENDATION**

            -against-                    **24-cv-548-DLI-ST**

OHIO SECURITY SYSTEMS, INC.,

                               Defendant.
-----------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

Federal Contract Guards of America ("Plaintiff") sued Ohio Security Systems, Inc.

("Defendant" and together with Plaintiff, the "Parties") to confirm an arbitration award issued in

Plaintiff's favor.  Before the Court is Plaintiff's Second Motion for Default Judgment (the

"Motion") against Defendant.  For the reasons discussed below, this Court respectfully

recommends that the District Court GRANT the Motion and confirm the arbitration award.

However, this Court respectfully recommends that the District Court DENY Plaintiff's requests

for attorney and process server fees for failure to submit sufficient documentation in support of

those requests.

## BACKGROUND

Plaintiff, a labor union representing security guards, and Defendant, a security guard

services provider, have been parties to a series of collective bargaining agreements ("CBAs")[1]

since 2018.  *See* Compl. ¶¶ 4–6, ECF No. 1.  The CBAs provide a multi-step employee grievance

procedure and dispute resolution process, which culminates in arbitration.  *Id.* ¶ 7; Arbitration

---

[1] The applicable CBAs cover the periods of 2018-2020, 2021, and 2022-2025.  *See* Wien Aff. Ex. A. at 2 n.1, ECF No. 12-2 (hereinafter the "Arbitration Award").

Award at 3 (citing CBAs Art. 7). The CBAs specifically provide that an arbitrator "shall conduct a hearing on the grievance" and that the "decision or order of an Arbitrator shall be final and binding and shall be in writing." Arbitration Award at 3 (citing CBAs § 7.2).

Over the course of the Parties' contractual relationship, Defendant violated the CBAs in various ways. *See* Compl. ¶ 8. For example, Defendant failed to pay its employees as required, including holiday, vacation, and sick leave pay, as well as wage increases. *Id.* Defendant also terminated one employee without cause and failed to comply with the CBAs' health and safety provisions. *Id.* These grievances were memorialized and went through the CBAs' proscribed grievance procedure. *Id.* ¶ 9. Ultimately, after exhaustion of the grievance procedure's lower steps, Plaintiff advanced these grievances to arbitration. *Id.*

On December 12, 2023, Plaintiff presented evidence regarding these grievances at an arbitration hearing before an assigned arbitrator, J.J. Pierson ("Arbitrator Pierson"). *Id.* ¶¶ 9, 11. Although both Arbitrator Pierson and Plaintiff notified Defendant of the arbitration hearing, Defendant failed to appear at the hearing, or otherwise respond to the allegations that Plaintiff presented at the hearing. *Id*.

Upon the hearing's conclusion, Arbitrator Pierson found Plaintiff's claims meritorious and, on December 17, 2023, issued an award in Plaintiff's favor.[2] *Id.* ¶ 12. The Arbitration Award awarded Defendant's aggrieved employees backpay to be paid within fourteen days. *Id.* ¶¶ 12, 13; Arbitration Award at 5–11. The Arbitration Award also ordered Defendant to comply with future obligations under the CBAs, submit an audit of its payroll records, reinstate the employee it had terminated without cause, and reimburse Plaintiff for half of Arbitrator Pierson's fees (and, if

---

[2] Plaintiff incorrectly claims that it attached the Arbitration Award to the Complaint. *See* Compl. ¶ 12. Plaintiff only attached the Arbitration Award to its counsel's affidavit in support of the Motion.

Plaintiff had to enforce the Arbitration Award through court action, the filing fee).  *Id.* ¶ 14; Arbitration Award at 11–12.

The Arbitration Award was served on Defendant.  Compl. ¶ 15.  However, Defendant never made the required backpay or otherwise complied with the Arbitration Award.  *Id.* ¶¶ 13, 16. Resultingly, on January 25, 2024, Plaintiff commenced this action under Section 301 the Labor Management Relations Act ("LMRA") to confirm the Arbitration Award.  *Id.* ¶ 1; *see* 29 U.S.C. § 185(a) ("Suits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties . . . .").  Defendant failed to move to vacate the Arbitration Award or otherwise appear in the action.  Compl. ¶ 17.  Plaintiff therefore requested a certificate of default, which the Clerk of Court entered against Defendant on April 18, 2024.  *See* Entry of Default, ECF No. 9.

Plaintiff moved for default judgment against Defendant on May 13, 2024.  *See* First Mot. Default J., ECF No. 10.  However, Plaintiff's first motion failed to comply with the Court's individual rules, as well as the Local Civil Rules.  *See* Docket Order Striking First Mot. for Default J., dated May 15, 2024.  Accordingly, the District Court struck the first motion as deficient but allowed Plaintiff to file a new one.  *See id.*  Plaintiff thus filed this Motion on May 16, 2024.  *See* Mot., ECF No. 12.  The Honorable Dora Lizette Irizarry referred the Motion to this Court for Report & Recommendation on July 18, 2024.  *See* Docket Order, dated July 18, 2024.

## LEGAL STANDARD

The Court's review of an arbitration award under LMRA § 301 is "very limited."  *Nat'l Football League Mgmt. Council v. Nat'l Football Leagues Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (citing *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)). "This is because the Second Circuit 'repeatedly has recognized the strong deference appropriately

due arbitral awards and the arbitral process.'" *Hyundai Cap. Am. v. Gooding*, 24-cv-803 (DLI), 2024 WL 4132380, at *2 (E.D.N.Y. Sept. 10, 2024) (citing *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138–39 (2d Cir. 2007)).  Courts are therefore "not authorized to review the arbitrator's decision on the merits . . . but [may] inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement."  *Nat'l Football League Mgmt. Council*, 820 F.3d at 536; *see Int'l Brotherhood of Elec. Workers, Loc. 97 v. Niagara Mohawk Power Corp.*, 143 F.3d 704, 715 (2d Cir. 1998) ("It is abundantly clear that courts must tread lightly when reviewing arbitral decisions.").  It is not the Court's "task to decide how [it] would have conducted the arbitration proceedings, or how [it] would have resolved the dispute."  *Nat't Football League Mgmt. Council*, 820 F.3d at 537.

The arbitrator's award is "legitimate and enforceable as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice."  *Niagara Mohawk Power Corp.*, 143 F.3d at 714 (citations and quotations omitted).  Even if "a court believes an arbitrator to have committed serious legal or factual error," the court must confirm the arbitrator's decision so long as "the arbitrator is 'even arguably construing or applying the contract and acting within the scope of his authority.'"  *Id.* at 715 (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).  "Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award."  *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (citations and quotations omitted).

## DISCUSSION

### I.    THE ARBITRATION AWARD

Normally, parties seeking to confirm an arbitration award will file a petition, rather than a complaint.  After all, confirmation of an arbitration is "a summary proceeding that merely makes

what is already a final arbitration award a judgment of the Court." *Id.* (citations omitted). Courts "treat an unanswered petition to confirm an arbitration proceeding as an unopposed motion for summary judgment, since a petition to confirm an arbitration award is typically accompanied by a record." *Hyundai Cap. Am.*, 2024 WL 4132380, at *2 (citations and quotations omitted). That record usually includes, at a minimum, the arbitration agreement and the arbitration award. *See D.H. Blair*, 462 F.3d at 109.

Here, however, Plaintiff filed a complaint to initiate this action, rather than a petition, and now moves for default judgment.[3] "[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate" because the court's judgment in a confirmation proceeding should be based on the record, "rather than only the allegations of one party found in complaints." *Id.* However, "the distinction between moving for default judgment and moving for summary judgment is somewhat academic when the defendant failed to contest the claims at the arbitration hearing as well." *Application of the Tr. of the Bldg. Trades Annuity Fund v. Pro. Plumbing of Staten Island Corp.*, 9-cv-3812 (ADS) (AKT), 2010 WL 6230530, at *2 (E.D.N.Y. Nov. 17, 2010), *report and recommendation adopted*, 2011 WL 1046856 (E.D.N.Y. Mar. 17, 2011) (citations and quotations omitted). Therefore, courts "treat motions for default judgment to confirm arbitration awards as they would motions for summary judgment." *Loc. 355 United Serv. Workers Union v. Aircon Enters., Inc.*, 18-cv-1849 (LDH) (LB), 2018 WL 9945700, at *3 (E.D.N.Y. Nov. 28, 2018),

---

[3] Plaintiff does not explain why it filed a complaint rather than a petition. Although a petition is the proper way to seek confirmation of an arbitration award, courts in this Circuit have, in at least a few instances, confirmed arbitration awards where parties filed complaints instead of petitions. *See, e.g.*, *Tr. of the New York City Dist. Council of Carpenters Pension Fund v. Innovative Furniture Installations, Inc.*, 14-cv-2508 (ER), 2015 WL 1600077, *2 (S.D.N.Y. Apr. 9, 2015) ("Plaintiffs filed a Complaint to confirm the arbitration award"); *Tr. of the New York City Dist. Council of Carpenters Pension Fund v. Anthony Rivara Contracting, LLC*, 14-cv-1794 (PAE), 2014 WL 4369087, *2 (S.D.N.Y. Sept. 3, 2014) ("petitioners filed their Petition (styled as a Complaint) to confirm the arbitration Award."). This Court respectfully recommends doing so here, rather than ordering Plaintiff, at this stage, to withdraw its Complaint and file a petition. After all, the "goals of arbitration" consist of "settling disputes efficiently and avoiding long and expensive litigation." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997).

*report and recommendation adopted*, (E.D.N.Y. Aug. 21, 2019); *see United Serv. Workers Union, Loc. 355 v. Traditional Air Conditioning, Inc.*, 22-cv-5194 (ENV) (TAM), 2023 WL 5152512, at *3 (E.D.N.Y. June 5, 2023), *am. report and recommendation adopted* (E.D.N.Y. Oct. 4, 2023) ("courts treat such motions as unopposed motions for summary judgment, and may not grant the motion for default without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." (citations and quotations omitted)).

As Plaintiff has provided the Court with the Arbitration Award, which includes the relevant CBAs' provisions, the record is sufficient for the Court to treat Plaintiff's motion as an unopposed motion for summary judgment. *See New York City Dist. Council of Carpenters v. Trinity Phoenix Constr. Corp.*, 17-cv-609 (DLI) (SJB), 2018 WL 1521862, *3–4 (E.D.N.Y. Jan. 10, 2018), *am. report and recommendation adopted*, (E.D.N.Y. Mar. 12, 2018) (finding the "limited record" sufficient to establish the defendant's liability under both summary judgment and default judgment standards).

To confirm the Arbitration Award here, the Court need only ensure that Arbitrator Pierson acted within the scope of his authority and had a "colorable justification" for his outcome. *See D.H. Blair & Co.*, 462 F.3d at 110. Arbitrator Pierson reviewed and reprinted the CBAs' relevant provisions.[4] Arbitration Award at 2–4. Applying those provisions, Arbitrator Pierson analyzed whether Defendant violated the CBAs by failing to: pay holiday, vacation, and sick leave pay; provide payroll information to Plaintiff upon request; comply with the grievance procedure; pay wage rate increases in 2023; and comply with health and safety requirements. *Id.* at 1. Arbitrator

---

[4] The provisions include the Preamble, as well as those regarding the Parties and Terms, Discipline and Discharge, Grievance and Arbitration, Safety Provisions, Vacations, Holidays, Wages, Sick Leave, and Terms of Agreement. *See* Arbitration Award at 2–4 (citing CBAs Art. 1, 4, 7, 8, 20–22, 25.11, 32).

Pierson also analyzed whether Defendant violated the CBAs by terminating an employee without just cause. *Id.* Ultimately, Arbitrator Pierson concluded, based on uncontroverted evidence, that Defendant had violated the CBAs, and that Plaintiff had met its burden of proof in support of each grievance. *Id.* at 10.

The record thus shows that Arbitrator Pierson acted within the scope of his authority and had a "colorable" basis for issuing the Arbitration Award in Plaintiff's favor. This Court accordingly recommends that the District Court confirm the Arbitration Award and the remedies ordered therein. *See Finkel v. KS&SS Assocs., Inc.*, 23-cv-2484 (HG) (TAM), 2024 WL 5399232, at *6 (E.D.N.Y. Jan. 29, 2024), *report and recommendation adopted*, (E.D.N.Y. Feb. 14, 2024) ("Given that an arbitration award should be confirmed if there exists 'even a barely colorable justification for the outcome reached,' the Court 'must confirm the arbitration award.'" (citing *Willemijn Houdstermaatschappij, BV*, 103 F.3d at 13 (quotations omitted)).

## II.   DAMAGES

Plaintiff requests the following damages:

(1) $48,006.60 as the "principal amount sued for";

(2) $62.19 in interest accumulated between February 13, 2024, and May 13, 2024, at a 1.38% rate;

(3) the $405.00 filing fee;

(4) the $255.00 process server fee; and

(5) $1,200 in attorney's fees.

*See* Pl.'s Statement of Damages, ECF No. 12-1. This Court considers each category in turn.

First, as this Court recommends confirming the Arbitration Award, it recommends awarding Plaintiff the damages arising therefrom. Plaintiff requests $48,006.60 as the "principal amount sued for"—although the Complaint is, in fact, silent as to the amount in damages requested.

The Arbitration Award indeed awarded Plaintiff $48,006.60.  That number is based on the amount owed to the employees, and half of the arbitrator's fee (as the CBAs required the Parties to bear the arbitrator's fees and costs equally).  Arbitration Award at 3 (citing section 7.2 of CBAs).  This Court therefore recommends awarding Plaintiff $48,006.60.

As the Arbitration Award also awarded Plaintiff the $405.00 filing fee should Plaintiff have to enforce the Arbitration Award in court, this Court also recommends awarding Plaintiff the filing fee.  *See* Arbitration Award at 12.  Although Plaintiff did not provide a receipt or other proof that it paid the filing fee, the Court may take judicial notice that Plaintiff did so based on the docket.  *See Cabrera v. Schafer*, 12-cv-6323 (ADS) (AKT), 2017 WL 9512409, at *4 (E.D.N.Y. Feb. 17, 2017), *report and recommendation adopted,* 2017 WL 1162183 (E.D.N.Y. Mar. 27, 2017).  Such is the case here.  *See* Docket Entry, dated January 25, 2024.

Next, Plaintiff requests $62.19 in, what seems to be, prejudgment interest.  Although discretionary, "there is 'a presumption in favor of prejudgment interest' in this Circuit."  *Finkel*, 2024 WL 5399232, at *6 (citing *Finkel v. Pomalee Elec. Co., Inc.*, 16-cv-4200 (DRH) (AKT), 2018 WL 1320689, at *12 (E.D.N.Y. Feb. 22, 2018), *report and recommendation adopted*, 2018 WL 1318997 (E.D.N.Y. Mar. 14, 2018) (quotations omitted)); *see Waterside Ocean Navigation Co., Inc. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984) (noting the court's "presumption in favor of pre-judgment interest.").  As such, "courts within the Second Circuit have exercised their discretion to award prejudgment interest when confirming arbitration awards under collective bargaining agreements pursuant to § 301 of the LMRA, when the CBAs indicated that an arbitration award was 'final and binding.'"  *Serv. Emps. Int'l Union, Loc. 32BJ, AFL-CIO v. Stone Park Assocs., LLC*, 326 F.Supp.2d 550, 555 (S.D.N.Y. 2004) (citations omitted); *see Finkel*, 2024 WL 5399232, at *6 (noting that presumption in favor of pre-judgment interest is particularly true

"where the agreement between the parties states that an arbitration decision is final and binding."). Here, the CBAs indeed provide that that the "decision or order of an Arbitrator shall be final and binding." Arbitration Award at 3 (citing CBAs § 7.2).

That said, this Court does not have any CBA provisions providing for a particular interest rate—let alone Plaintiff's requested 1.38% rate. Nor does the Court have any CBA choice of law provisions that would inform the Court as to an applicable statutory rate. *See Serv. Emps. Int'l Union, Loc. 32BJ*, 326 F.Supp.2d at 555 (noting that because the LMRA "is silent with respect to a prejudgment interest rate, the common practice among courts within the Second Circuit is to grant interest at a rate of 9%, the rate of prejudgment interest under New York State law." (quotations and citations omitted)). Nevertheless, considering the presumption in favor of prejudgment interest, and the fact that Plaintiff's requested rate is well below New York's statutory rate, this Court recommends awarding Plaintiff prejudgment interest calculated at the 1.38% rate, accruing from Plaintiff's requested date of February 13, 2024.

Plaintiff also requests reimbursement for the $255.00 process server fee. Courts routinely award such costs in confirming arbitration awards. *New York City & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, 16-cv-1115 (GHW), 2016 WL 3951187, *2 (S.D.N.Y. July 19, 2016) (collecting cases). "However, it is incumbent upon the party seeking reimbursement of its costs to provide the Court adequate substantiation in the form of receipts and other documents not only showing such costs were incurred, but that they were paid." *Cabrera*, 2017 WL 9512409, at *4. Here, Plaintiff provides no receipt or any other supporting documentation for this request. Accordingly, this Court recommends denying the request. Should Plaintiff seek to renew its request, it should submit adequate documentation showing that it, indeed, incurred a $255.00 process server fee.

9

Plaintiff also seeks $1,200 in attorney's fees.   Generally, "attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award." *Int'l Chem. Workers Union, Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985).  "Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, does not provide for attorney's fees in actions to confirm and enforce an arbitrator's award."  *Id.*  However, courts may, in exercising their inherent equitable powers, award attorney's fees in LMRA cases.  *Tr. of the New York City Dist. Council of Carpenters Pension Fund v. Assoc. Env't Serv. Ltd.*, 22-cv-8909 (ALC), 2023 WL 3477593, at *4 (S.D.N.Y. May 16, 2023) (citing *Odeon Cap. Grp. v. Ackerman*, 864 F.3d 191, 198 (2d Cir. 2017)).  This is particularly true when opposing counsel acts in bad faith and "refuses to abide by an arbitrator's decision without justification." *Abondolo v. H. & M. S. Meat Corp.*, 7-cv-3870 (RJS), 2008 WL 2047612, *4 (S.D.N.Y. May 12, 2008) (citing *N.Y. City Dist. Council of Carpenters Pension Fund v. E. Millenium Constr., Inc.*, 3-cv-5122 (DAB), 2003 WL 22773355, at *2 (S.D.N.Y. Nov. 21, 2003)).  Indeed "courts have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court."  *Id.*

However, applications for attorneys' fees should be accompanied by "contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998).  Such records allow the court to determine whether the time expended and rates billed are reasonable and comparable to fee awards in similar cases. *See Assoc. Env't Serv. Ltd.*, 2023 WL 3477593, at *4.

Despite that the "party seeking reimbursement of attorneys' fees bears the burden of proving the reasonableness and the necessity of the hours spent and rates charged," Plaintiff has submitted no such records here. *Tr. of Empire State Carpenters Annuity v. LLF Constr. Servs., Inc.*,

14-cv-878 (ADS) (SIL), 2014 WL 7739326, \*6 (E.D.N.Y. Dec. 18, 2014*), report and recommendation adopted*, 2015 WL 428085 (E.D.N.Y. Jan. 30, 2015).  As such, this Court recommends denying Plaintiff's request for attorney's fees.  Should Plaintiff seek to renew its request, it should file adequate supporting documentation.

Finally, although Plaintiff did not request it, this Court recommends awarding Plaintiff post-judgment interest.  An award of post-judgment interest is mandatory and applies when confirming arbitration awards.  *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004); 28 U.S.C. § 1961.  Here, post-judgment interest shall accrue at the statutory rate from the date the judgment is entered until Plaintiff is paid in full.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the District Court GRANT the Motion and confirm the Arbitration Award but DENY Plaintiff's requests for attorney and process server fees.  Should Plaintiff seek to renew those requests, it should provide the Court adequate supporting documentation.

**OBJECTIONS TO THIS REPORT AND RECOMMEDATION**

Under 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure,

the parties shall have fourteen (14) days from service of this Report and Recommendation to file

written objections.  Failure to file timely objections shall constitute a waiver of those objections

both in the District Court and on later appeal to the United States Court of Appeals.  *See Frydman*

*v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*,

338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-cv-5141 (CS) (LMS), 2019 WL

1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).


**SO ORDERED.**


/s_____
Steven Tiscione
United States Magistrate Judge
Eastern District of New York


Dated: Central Islip, New York
February 20, 2025

12